IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BOBBY A. TROTTER                                                                                          PLAINTIFF

VS.                                                                            CIVIL ACTION NO.  4:10cv190-FKB

BART GRIMES, UNKNOWN WOULLARD,
MAJOR UNKNOWN WILKERSON, AND
WARDEN DALE CASKEY                                                                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983.  At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Trotter is proceeding in this matter *in forma pauperis* and *pro se*.  For the reasons explained in this Memorandum Opinion and Order, the Court finds that this matter should be dismissed.

I.  Plaintiff's Claims

Plaintiff is a convicted inmate who, at all times relevant to the claims in this action, was housed at East Mississippi Correctional Facility ("EMCF").  Defendants are officers and officials at EMCF, as follows: Unknown Woullard, Major Unknown Wilkerson, Warden Dale Caskey, and Security Warden Bart Grimes. At the time of Defendants' Answers, Woullard was no longer employed at EMCF, and Caskey had retired. Docket Nos. 14 at 2; 17 at 2.

Trotter was given an opportunity to elaborate upon his claims at the omnibus hearing

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

held in this matter. Based on the allegations in his complaint and his testimony at the omnibus hearing, Plaintiff alleges that on February 1, 2010, Defendant Woullard used excessive force on him when, in response to a direct order from Defendant Woullard, he refused to return to his cell, and she sprayed him with mace. He also alleges that Defendants denied him adequate medical treatment for his eyes after the application of mace. However, at the omnibus hearing he testified that he was examined by medical personnel immediately after the incident. He also testified that the effects of the mace wore off, and that he rinsed his eyes daily, applied ointment to his skin, and administered eye drops that he obtained from EMCF until his condition improved. At the omnibus hearing, he admitted that he had recovered from any injuries he suffered at the time.

During the omnibus hearing, Trotter testified that he had sued Wilkerson because he denied him medical attention and that he was in a position of authority over Woullard. He also stated at the hearing that he had sued Grimes because he was in a position of authority over Wilkerson and Woullard, and that he had sued Caskey because he was in a position of authority over the other defendants. Plaintiff admitted that Grimes, Wilkerson, and Caskey were not personally involved in the incident, but he stated that he sued them because they were all in a position of authority over Woullard.

## II. Discussion

Having reviewed Plaintiff's filings, and having considered Plaintiff's testimony at the omnibus hearing, the Court finds that Plaintiff's claims against Defendants should be dismissed for their failure to rise to the level of a constitutional violation.

As to his claims against Woullard, the Court finds that a review of the relevant law will

aid in the discussion of Trotter's claims.  For a prisoner to state an Eighth Amendment excessive force claim as a result of a guard's attempt to restore institutional order, "a prisoner (or pretrial detainee engaged in disrupting institutional security), must show that force was applied not 'in a good faith effort to maintain or restore discipline,' but rather that the force complained of was administered 'maliciously and sadistically to cause harm.'"  Rankin v. Klevenhagen, 5 F.3d 103, 107 (5th Cir. 1993)(quoting Hudson v. McMillian, 112 S.Ct. 995, 998 (1992)).  In determining whether force is applied in a "good faith effort to maintain or restore discipline" and not "maliciously and sadistically" to cause harm, the Court must consider several factors: "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." Id. at 107, n.6.  The Court has found that the "degree of force exerted and the extent of physical injury inflicted that together amount to a constitutional deprivation must, of course, be determined by the facts of a given case."  Id. (quoting Shillingford v. Holmes, 634 F.2d 263, 265 (5th Cir. 1981)). Furthermore, after Hudson, some injury is still required to show a constitutional violation.  Id. at 108.

     The Court is also mindful of the *de minimis* injury standard which must be reviewed in cases alleging excessive force. "Without an allegation of a more than *de minimis* physical injury," a prisoner plaintiff's complaint lacks any merit.  Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999).  The Fifth Circuit has found that a sore, bruised ear lasting three days is *de minimis* such that it does not rise to the level of an Eighth Amendment claim for excessive force.  Further, such physical injury does not rise to the level of the physical injury necessary to support

a claim for mental or emotional suffering under 42 U.S.C. § 1997e(e).  <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997); <u>see also</u> <u>Luong v. Hatt</u>, 979 F.Supp. 481 (N.D. Tex. 1997)(Cuts, bruises, abrasions, etc., lasting only two or three days do not rise to the level of a constitutional injury.)

Considering Plaintiff's testimony at the omnibus hearing, the Court finds that not only was Plaintiff's injury *de minimis*, but the force (in the form of mace) was applied in a "good faith effort to maintain or restore discipline" and not "maliciously and sadistically" to cause harm.  At the omnibus hearing, Plaintiff testified that he had refused to return to his cell until officers met his demands to find a missing jacket, even after officers ordered him into his cell.  From his own testimony, it appears that Woullard applied mace to Plaintiff only after he refused to comply with orders to return to his cell.  Plaintiff does not allege that officers used any other form of force against him, and he testified that he was immediately taken to receive medical attention.  According to the facts of this case, as presented by Plaintiff, the degree of force exerted and the extent of physical injury inflicted together simply do not amount to a constitutional deprivation.

From Plaintiff's testimony, moreover, it appears that his injuries were *de minimis*. Although he complains of injuries to his left eye, he admitted at the omnibus hearing that his left eye recovered in about two to three days.  He also admits that his skin injuries, much like burns, were aided in healing by ointment he obtained from EMCF.  At the omnibus hearing, he did not complain of any permanent injuries as a result of the incident.  Thus, the Court concludes that his injuries, albeit not comfortable, do not rise to the level of a constitutional violation.  <u>See</u> <u>Hall v. Boothe</u>, 1995 WL 71013 (5 th Cir. 1995)(unpublished)(finding that "eye inflammation associated with mace" did not amount to excessive force).

Plaintiff's testimony also shows that he received immediate medical attention. He admits that after the incident he was taken immediately to be examined by medical personnel. While he may quibble with the quality of care he received, he admits that his face was rinsed, and that he obtained eye drops and ointment to apply to affected areas from EMCF. This simply does not rise to the level of a constitutional violation because "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992). Further, although his treatment may not have been the best that money can buy, this course of treatment did not demonstrate deliberate indifference to his medical needs. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Accordingly, Plaintiff's claim of denial of medical attention fails to rise to the level of a constitutional violation and is hereby dismissed.

The Court now turns to Plaintiff's claims against Wilkerson, Grimes, and Caskey. According to his omnibus hearing testimony, Plaintiff admitted that these defendants were not personally involved in the incident, and that he had sued each of them because they were in a position of authority over Woullard. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." Mouille v. City of Live Oak, 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff fails to allege that these Defendants implemented unconstitutional policies that causally resulted in his injury, and based on Trotter's testimony, it is clear that Wilkerson, Grimes, and Caskey had no direct involvement in the incident, or in his subsequent care. Thus, Plaintiff has failed to allege direct involvement by Wilkerson, Grimes, and Caskey in the alleged deprivations on which this action is based. Jolly v. Klein, 923 F.Supp.

931, 943 (S.D. Tex. 1996)( "the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." ). Supervisory officials "cannot be held liable for the actions of subordinates under any theory of vicarious liability." Id.  Accordingly, Plaintiff has failed to state a cognizable claim against Wilkerson, Grimes, and Caskey.  Moreover, Plaintiff's claims against these defendants fail to rise to the level of a constitutional violation.

### III.  Conclusion

For the reasons explained above, all of Trotter's claims against all Defendants are dismissed with prejudice.  A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 10th day of May, 2013.


/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE